UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
FEB 22 2016
CLERK, U.S.
WESTERN DISTRICT
BY_____ COURT
TEXAS
DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 5:10-CR-01089 |
| | ) | |
| JOHN DAVID VEIVIA | ) | |
| | ) | |
| Movant. | ) | |

## MOTION TO TERMINATE SUPERVISED RELEASE AFTER COMPLETION OF ONE-YEAR OF SUPERVISION PURSUANT TO TITLE 18 U.S.C. S 3583(e)(1)

NOW COMES, JOHN DAVID VEIVIA ("VEIVIA"), appearing pro se, and files this Motion to Terminate Supervised Release, pursuant to 18 U.S.C. § 3583(e)(1).

### INTRODUCTION

The district court enjoys "broad discretion" when, after "taking into account a variety of considerations, including the nature of the offense and the history of the offender, as well as any implications for public safety and deterrence," it discharges a defendant's supervised release. See United States v. Jeanes, 150 F.3d 483, 484 (5th Cir. 1998). "These [factors] are largely the same considerations the court must assess when imposing the original sentence." [I]Id.

Title 18 U.S.C. § 3583(e)(1) states that: "The court may, after considering the factors set forth in section (a)(1), (a)(2)(B), (a) (2)(C), (a)(4), (a)(5), and (a)(6), terminate a term of supervised release and discharge the person released at any time after the expiration of one year of supervised release ... if it is satisfied that such action is warranted by the conduct of the person released and the interest of justice."

"Claims of injustice or unfairness may be properly evaluated-- as one factor among many-- under the broad and general directive of § 3583(e)(1)." Jeanes at 484-485. However, the court must be "satisfied that such action is warranted by the conduct of the defendant and in the interest of justice." Id.

As the Supreme Court has noted: [§ 3583(e)(1)] is the unequivocal provision for ending the term of supervised release without the possibility of its redisposition or continuation at a later time. Congress wrote that when a court finds that a defendant's conduct and the interest of justice warrant it, the court may "terminate a term of supervised release and discharge the person released," once at least a year of release time has been served. Johnson v. United States, 529 U.S. 694, 120 S.Ct. 370, 146 L.Ed.2d 727, 738 (2000)

## DISCUSSION

Movant VEIVIA respectfully asks this court to terminate his supervised release term for his "conduct" while on supervised release and in the "interest of justice."

### I.

VEIVIA has shown exemplary post-conviction adjustment and conduct in his supervision responsibilities. He has fully complied with the court's express terms of

supervision, including abstaining from drug use, fully obeying the law, and diligently complying with the requirements of the Probation Department. VEIVIA has tried to live a productive lifestyle by holding steady employment while supporting himself and his family. VEIVIA has been selected for the Low Threat Caseload. This was due to his fully complying with the conditions of his supervision and the recommendation of his previous probation officer.

## II.

When evaluating his offense conduct, criminal history, and potential for further crimes, VEIVIA believes this court can find that his further and continued supervision is not required because he meets the criteria, as suggested by the U.S. Administrative Office of the Courts, for early termination, which include: "law-abiding behavior, full compliance with the conditions of supervision, and a responsible, productive lifestyle." See Publication 109, p.37 (1993), U.S. Administrative Office of Courts. See also, Publication 109, Chapter III, p.19-21 (2007 Revision)

VEIVIA meets all of the following suggested criteria from Publication 109 (p.20):

1. Stable community reintegration (e.g., residence, family, employment);

2. Progressive strides toward supervision objectives and in compliance with all conditions of supervision;

3. No aggravated role in the offense of conviction;

4. No history of violence (e.g., sexually assaultive, predatory behavior, or domestic violence);

5. No recent arrests or convictions (including unresolved pending charges), or ongoing, uninterrupted patterns of criminal conduct;

6. No recent evidence of alcohol or drug abuse;

7. No recent psychiatric episodes;

8. No identifiable risk to the safety of any identifiable victim; and

9. No identifiable risk to public safety based on the Risk Prediction Index (RPI).

## CONCLUSION

WHEREFORE, premises considered, VEIVIA asks this court to terminate his supervised release term early for the aforementioned reasons.

DATED: 2-20-16

Respectfully Submitted,

*John W. Veivia*

John David Veivia, Pro Se
12926 Villawood Lane
Houston, TX  77072

## CERTIFICATE OF SERVICE

I, John David Veivia, hereby certify that a true and correct copy of the foregoing Motion to Terminate Supervised Release was served, via U.S. Mail, to the following parties on this 22nd day of February, 2016.

1. US Clerk of Court
   655 E Cesar E Chavez Blvd
   Room: G-65
   San Antonio, TX 78206
   (Original and Copy)

2. Assistant U.S. Attorney
   601 NW Loop 410, Suite: 600
   San Antonio, Texas 78216
   (Notification Copy)

3. Ms. Maria Baez, U.S. Probation Officer Assistant
   515 Rusk Street, Suite: 2301
   Houston, TX 77002
   (Courtesy Copy)

/s/ John D. Veivia
John David Veivia





**PRIORITY MAIL**

FROM: John Veivia
12926 Villawood Ln
Houston, Tx 77072

TO: US Clerk of Court
655 E. Cesar E. Chavez Blvd
San Antonio, Tx 78206

RECEIVED
FEB 22 2016
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK